```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JONATHAN A. JACKSON,

                Plaintiff,
                                              09-CV-0485
        v.
                                              **DECISION AND**
MICHAEL J. ASTRUE                             **ORDER**
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Jonathan A. Jackson ("Plaintiff and/or "Jackson") brings this action pursuant to the Social Security Act (codified in relevant parts at 42 U.S.C. §§ 405(g) and 1383(c)(3)), claiming that the Commissioner of Social Security improperly denied his application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Specifically, Jackson alleges that the decision of the Administrative Law Judge, Lamar W. Davis (hereinafter the "ALJ"), was erroneous and not supported by substantial evidence in the record. Plaintiff requests that the Court reverse the ALJ's decision and remand the matter to the Commissioner for calculation and payment of benefits, or in the alternative, remand the matter for further administrative proceedings.

The Defendant Commissioner of Social Security (hereinafter the "Commissioner") moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on grounds that

the ALJ's decision was supported by substantial evidence and was made in accordance with applicable law. Plaintiff opposes the Commissioner's motion. For the reasons discussed below, the Commissioner's motion for judgment on the pleadings is granted and the ALJ's decision is affirmed.

## BACKGROUND

Plaintiff, a 41-year-old former sanitation worker, filed applications for DIB and SSI on December 7, 2005, claiming his disability began on April 19, 2005[1] (Tr.[2] 99-105). Jackson's application was denied on April 14, 2006. (Tr. 86-91). Thereafter, Plaintiff timely filed a written request for hearing on June 1, 2006. (Tr. 84). On May 23, 2008, Plaintiff and his attorney at the time, Deborah Olszowka, appeared at a hearing held in Buffalo, New York before ALJ, Lamar W. Davis. (Tr. 498-516). Tim Janikowski, a vocational expert ("VE"), was also present and testified at the hearing. (Tr. 498).

In a decision dated July 22, 2008 (the "Decision"), the ALJ found that Jackson was not disabled within the meaning of the Social Security Act (hereinafter "SSA"). (Tr. 11-22). The Appeals

---

[1] On April 18, 2005, Plaintiff was awarded a closed period of disability for the time period from April 24, 2003 through April 25, 2004 by ALJ Bruce Mazzarella as a result of serious injuries Jackson sustained in a head-on motor vehicle collision that occurred in April 2003. (Tr. 14, 24-32). Jackson never returned to work following this accident, and he chose the day following the date of the favorable decision as the onset date for the instant application for benefits. (See id.).

[2] "Tr. ___" refers to the full record and transcript of administrative proceedings.

Council denied review on January 27, 2009, rendering the ALJ's Decision the final decision of the Commissioner. (Tr. 4-6). Plaintiff timely filed this action on May 20, 2009.

In finding that Jackson was not disabled within the meaning of the Social Security Act, the ALJ adhered to the Social Security Administration's five-step sequential analysis for evaluating applications and determining whether an individual is disabled. See 20 C.F.R. § 404.1520(a) and 416.920(a)(4)(i)-(v)(2009)[3].

In this case, under step one of the analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 18, 2005, the alleged onset date. (Tr. 16). At steps two and three, the ALJ found that Plaintiff's impairments, namely his hypertension, low back pain, Gastro Esophageal Reflux Disease ["GERD"] and Affective/Anxiety-Related Disorder, were severe within the meaning of the Regulations but were not severe enough to "meet or medically equal," (either singly or in combination) the criteria that conclusively requires a determination of disability under 20 C.F.R. §404, Subpart P, Appendix 1. (Tr. 16). At step four, the ALJ concluded that Jackson was unable to perform his past relevant

---

[3] The SSA regulations set forth a five-step process for determining disability. The Commissioner must find a claimant disabled under the Act if he determines, "(1) that the claimant is not working, (2) that [he] has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in [his] prior type of work, [and] (5) there is not another type of work the claimant can do." See Wright v. Barnhart, 473 F.Supp.2d 488, 492 (S.D.N.Y. 2007) (quoting Draegert v. Barnhart, 311 F.3d 468, 472 (2d Cir. 2002); see also, 20 C.F.R. § 404.1520(a) and 416.920(a)(4)(i)-(v).

work - i.e., light to medium exertional work. Nevertheless, at step five, the ALJ determined that Plaintiff had "the residual functional capacity ("RFC") to perform a full range of sedentary work, [] despite [] minimal non-exertional limitations." (Tr. 16, 21). Indeed, the ALJ relied on the testimony of the VE and on the Medical-Vocational Rules found in 20 C.F.R. §404, Subpart P, Appendix 2 ("the Rules") to conclude that "[Jackson] would be capable of performing [any of the sedentary jobs] outlined by the vocational expert." (Tr. 21). Accordingly, the ALJ determined that "based on a [RFC] for the full range of sedentary work - while considering the claimant's age, education - a finding of 'not disabled' is reached by direct application of Medical-Vocational Rule 201.27/.28/.29." (Tr. 22).

For the reasons that follow, I find that the ALJ's determinations were supported by substantial medical evidence in the record, and therefore, his Decision must be affirmed.

## **DISCUSSION**

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Id. Substantial evidence is

defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the Plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." See Morici v. Astrue, 2008 WL 686763, *1 (W.D.N.Y. 2008) (Telesca, J.) (citing Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex 1983)). The Commissioner asserts that his decision is supported by the substantial medical evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) ("Rule 12(c)") of the Federal Rules of Civil Procedure.

A party is entitled to judgment on the pleadings under Rule 12(c) if he can establish that no material facts are disputed and that he is entitled to judgment as a matter of law. See Cleveland v. Caplaw Enterprises, 448 F.3d 518, 521 (2d Cir. 2006). Judicial review of a Social Security disability determination involves two levels of inquiry. Wright v. Barnhart, 473 F.Supp.2d 488, 492 (S.D.N.Y. 2007) (citing Tejada v. Apfel, 167 F.3d 770, 773 (2d Cir.

1999).  First, the court determines whether the Commissioner applied the correct legal standard in the disability hearing.  Id. Second, the court must review the record to determine whether the Commissioner's decision is supported by "substantial evidence."  Id.

In this case, I find that the ALJ applied the correct legal standard, and properly applied the five-step process to determine that Jackson was not disabled under the Social Security Act.  It is not this Court's function to substitute its judgment of disability for that of the ALJ, and although Plaintiff's opposition to the Commissioner's motion set forth cogent arguments, I find that the ALJ's determination was supported by substantial evidence in the record and should be affirmed.  See Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) ("It is not the function of a reviewing court to . . . answer in the first instance the inquires posed by the five-step analysis set out in the SSA regulations.").  The Court is required to uphold the decision so long as it is supported by substantial evidence.  Id.  Accordingly, the Commissioner's motion for judgment on the pleadings is granted and the ALJ Decision is affirmed.

II. The findings of the ALJ were supported by substantial evidence

Plaintiff contends that the ALJ did not thoroughly consider the medical evidence, particularly the evidence that Plaintiff's cognitive deficiencies affect his ability to work, even at sedentary jobs.  Moreover, Plaintiff asserts that the ALJ

improperly disregarded the opinion of Plaintiff's treating physician as well as the testimony of the VE with respect to a certain hypothetical posed to him during the VE's examination. I find that the ALJ gave proper weight to the evidence in the record and that his decision was supported by substantial evidence.

A. <u>The ALJ did not improperly disregard the medical evidence regarding Plaintiff's cognitive and/or mental impairments.</u>

Plaintiff claimed that he was disabled as a result of depression, post-traumatic stress disorder ("PTSD") and cognitive disorder stemming from the April 2003 motor vehicle accident. (Tr. 28). Plaintiff points to the examinations performed by Thomas Dickinson, Ph.D. (a consulting examining psychologist), Michael Santa Maria, Ph.D. (a consulting examining neuropsychologist) and by Malti Patel, M.D. (a treating physician), which demonstrated that Plaintiff was diagnosed with PTSD, Major Depressive disorder, and cognitive disorder, including problems with memory and motor processing which would impact his ability to function and/or perform sedentary tasks. (Tr. 233-38; 259-65; 332-38).

Although each of these practitioners noted Plaintiff's subjective complaints of decreased functioning, and diagnosed Plaintiff with depression, PTSD, and cognitive disorder, not otherwise specified, the reports also indicated that none of these impairments should interfere with Plaintiff's ability to understand simple tasks, carry out instructions, and interact appropriately

-7-

with co-workers and customers.  None of the practitioners noted any condition which would prevent Jackson from returning to non-skilled, non-exertional, sedentary work.  (See Id.).

For example, Dr. Santa Maria concluded, "I do not find clear evidence of a cognitive or psychological condition that in my judgment would preclude [Plaintiff's] [return] to various entry-level employment positions . . . ."  (Tr. 265).  Indeed, Dr. Santa Maria stated, "taking into account [Plaintiff's] criminal and drug history in combination with symptom exaggeration on a comprehensive personality inventory [] and highly suspicious performance on a measure of memory functioning sensitive to effort [], one has to question the veracity of cognitive weaknesses that were demonstrated in some areas of memory [], processing speed, and attention []."  (Id.).

Similarly, Dr. Dickinson opined that Jackson could follow and understand basic job directions, maintain attention and concentration for job assignments and make basic job decisions. (Tr. 336).  Dr. Dickinson's opinion was adopted by the State Agency reviewing psychologist, Dr. Totin, who determined in connection with Jackson's Mental RFC Assessment that Jackson could "understand, carry out, and remember simple instructions, make simple work-related decisions, deal with changes in a routine work setting and have only moderate limitations in responding appropriately to supervisors." (Tr. 286).  Again, Dr. Totin noted,

"Disparity between self-report and records raise questions regarding [Plaintiff's] credibility." (Id.).

Notably, Dr. Patel's reports indicate that for the treatment period of September 2006 through March 2008, Plaintiff's problems with depression and PTSD were "much improved," with the use of medication (Tr. 231-34), and Jackson stated "he is very proud of how far he has come." (Tr. 233).

The ALJ's Decision detailed each of these practitioner's reports, and at times, even provided Jackson with the benefit of every favorable inference from the evaluations. (Tr. 19, 20). The Decision demonstrates to the Court that the ALJ properly considered the substantial medical evidence regarding Plaintiff's mental capabilities and limitations, and yet, consistent with the practitioners' assessments, the ALJ could not conclude that Plaintiff was disabled from performing all work. (Id.). I find that the ALJ's determination and assessment of Plaintiff's mental RFC is consistent with and supported by substantial evidence and should be affirmed.

B. <u>The ALJ gave proper weight to the opinion of Plaintiff's treating physician</u>.

In order to be granted controlling weight, opinions from treating sources must "reflect judgments about the nature and severity of [claimant's] impairment(s)." <u>See</u> 20 C.F.R. §§ 404.1527(a)(2). Since "the final responsibility for deciding [whether the claimant is disabled] is reserved to the Commissioner," <u>see</u> 20

C.F.R. § 404. 1527(e)(2), "[t]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance." See SSR 96-5p; see also, Montalvo v. Barnhart, 457 F.Supp.2d 150 (W.D.N.Y. 2006); also Snell v. Apfel, 177 F.3d 128 (2d Cir. 1999).

In this case, Dr. Bassig (Plaintiff's treating physician) completed a standardized disability form on Jackson's behalf and indicated that Plaintiff could only sit, stand, walk and lie down for a total of one hour per activity in an eight-hour work day. (Tr. 167). The ALJ afforded Dr. Bassig's opinion, as expressed in this form, with "little weight" since the doctor did not account for what Plaintiff would be doing the remaining four hours of the work day. (Tr. 19). The ALJ's determination to afford this evidence limited weight was appropriate because it conflicted with the substantial evidence in the record. See SSR 96-2p; 20 C.F.R. § 404.1527; see also, Halloran v. Barnhart, 362 F.3d 28, 29 (2d Cir. 2004) (finding that a physician's demarcations on a standardized form are not particularly informative regarding an individual's functional limitations); Wright, 473 F.Supp.2d at 493 ("the treating physician's opinion does not get controlling weight when 'other evidence in the record conflicts with the treating physician's opinion.'") (quoting Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999).

Where as here, much of the medical evidence revealed that Plaintiff's impairments did not prevent him from performing

sedentary work (Tr. 169-83; 267; 323), the ALJ appropriately afforded Dr. Bassig's opinion little weight.

    C.    <u>The finding of the ALJ that Plaintiff could perform other work was supported by substantial evidence</u>.

The Social Security Act provides that the Commissioner bears the burden of proof during the final step in a disability determination whether jobs exist in the economy, which the claimant can perform within his residual functional capacity ("RFC"). See 20 C.F.R. § 404.1520(a)(4)(v). Where as here, in cases in which the claimant has only exertional limitations, this is done by use of the Medical-Vocational Guidelines ("grids") found in 20 C.F.R. §404, Subpart P, Appendix 2. However, in cases where the claimant has a combination of exertional and non-exertional limitations, "the guidelines cannot provide the exclusive framework for making a disability determination." See <u>Bapp v. Bowen</u>, 802 F.2d 601 (2d Cir. 1986). In these instances, "application of the grid guidelines and the necessity for expert testimony must be determined on a case-by-case basis." See <u>id.</u> at 605.

In this case, the ALJ complied with the Regulations by obtaining the testimony of a Vocational Expert ("VE") in addition to the applicable grids. The ALJ posed a thorough hypothetical question to the VE, outlining all of the Plaintiff's functional limitations that were supported by substantial evidence and extended the Plaintiff significant benefit of the doubt as to the severity of his conditions. (Tr. 512-15). Despite having limited

evidence as to the Plaintiff's non-exertional limitations, the ALJ granted Plaintiff a status of being only capable of performing sedentary work. (Id.). The VE testified that jobs existed in the regional and national economy that a person matching the Plaintiff's non-exertional limitations could perform, such as surveillance system monitor, cashier and telemarketer. (Tr. 514).

Plaintiff asserts that the opinions and testimony of the VE were not properly considered by the ALJ. In particular, Plaintiff contends that the ALJ ignored the second hypothetical he posed to the VE concerning Jackson's subjective complaints of cognitive difficulties, such as mental inattention and distraction. As set forth above, however, the record does not contain substantial evidence that the Plaintiff has such severe cognitive limitations. In fact, most of the examining practitioners concluded that there were no such mental impairments that would prohibit Jackson from returning to unskilled, sedentary work. Thus, the ALJ properly found, based upon the sworn testimony of an independent VE and the grids, that there were jobs in the national and regional economy which the Plaintiff could perform given his RFC. Upon making such a finding, the Regulations require that the ALJ find the Plaintiff "not disabled." See 20 C.F.R. §§ 404.1520, 416.920.

## **CONCLUSION**

The ALJ's findings are supported by substantial evidence in the record and are proper as a matter of law; therefore, the

Commissioner's Decision is affirmed. Accordingly, the Commissioner's motion for judgment on the pleadings is granted.

**ALL OF THE ABOVE IS SO ORDERED.**

                                                 s/Michael A. Telesca
                                                   MICHAEL A. TELESCA
                                                 United States District Judge

Dated:    Rochester, New York
           August 30, 2010